950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lawrence D. BAHR, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 91-3409.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1991.
Rehearing Denied Dec. 9, 1991.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Lawrence D. Bahr appeals from the June 5, 1991, final decision of the Merit Systems Protection Board (Board), No. AT04329110110, which sustained his removal from his position as Power Plant Operator Trainee IV A with the Mobile District of the United States Army Corps of Engineers based upon unacceptable performance in critical element # 1 of his position. We affirm.
 
 DISCUSSION
 
 2
 We review the Board's decision under a narrow standard, affirming unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 Bahr contends that the Board committed reversible error in finding that acceptable performance under critical element # 1 requires a score of 70 or above on an oral examination. But substantial evidence--including uncontroverted testimony from the Chief of Hydropower for the Mobile District, a member of Bahr's oral examination panel, and a fellow trainee and the May 21, 1990, Notice of Unacceptable Performance, which specifically informed Bahr that he must score 70 or higher on the oral examination--supports the Board's finding. It is undisputed Bahr's score fell below this mark.
 
 
 4
 Bahr does not point to any evidence in the record to support his arguments that the oral examination was incorrectly graded and that the examiners treated him differently from other trainees.
 
 
 5
 Bahr also argues that the agency did not provide him with adequate training and assistance in preparing for the examination. As the Board found, Bahr was in a training position for four and a half years, the agency allowed petitioner to study for his examination full time during his 90-day performance improvement plan, and Bahr had the option to choose individual tutoring.
 
 
 6
 Finally, the administrative judge's misidentification of a member of petitioner's oral examination panel is, at most, harmless error.